IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD D. FEHLHABER,                                           Civil No. 05-3098-CO

    Plaintiff,                                           FINDINGS AND RECOMMENDATION

  v.

U.S. FOREST SERVICE; and U.S.
DEPARTMENT OF AGRICULTURE,

    Defendants.

COONEY, Magistrate Judge:

    In this action, plaintiff Ronald D. Fehlhaber, proceeding pro se, has filed a complaint pursuant to 28 U.S.C. §§ 1346(b) and 2674, alleging that the Forest Service "negligently caused the largest and most damaging fire in the history of Oregon, by not attacking or attempting to suppress the Biscuit-Florence fire, even though they knew the fire danger to be high." (Compl. at 1.) He alleges that defendants used the fire "as a cover to purposely and with planned intent and maliciousness, to destroy certain private properties and functioning, in use, historic

Findings and Recommendation - 1

mining ditches, equipment, and other facilities and sites." (Compl. at 1.) Plaintiff seeks monetary damages for replacement, repairs, actual damages, lost usage, personal agony, pain and suffering, and punitive damages. This court may have jurisdiction pursuant to 28 U.S.C. § 1346(b). Defendants have filed a motion to dismiss (#9) under Federal Rules of Civil Procedure 12(b)(1) on the ground that this court lacks jurisdiction and under Federal Rules of Civil Procedure 12(b)(6) on the ground that plaintiff fails to state a claim. Plaintiff has not filed any formal response to defendants' motion.[1]

## I. **FACTS**

The following facts are taken from the record:

On or about February 19, 2004, plaintiff filed a Form 95 Claim for Damage, Injury, or Death, dated on or about "9-03," and referencing as the date of day of accident: "During Biscuit Fire." (Sajna Decl. & Ex. 1.) This claim was denied on April 9, 2004. (Sajna Decl. & Ex. 2.)

Plaintiff filed a Form 95 Claim for Damage, Injury, or Death, dated on or about August 4, 2004, and referencing as the date and day of accident: "During Florence/Biscuit Fire." (Sajna Decl. & Ex. 3.) This claim was denied on April 29,

---

[1] The certificates of service show that plaintiff was served with defendants' motion papers at his address of record.

Findings and Recommendation - 2

2005.[2]  (Sajna Decl. & Ex. 4; Compl. at 1.)

This action was commenced on October 28, 2005 (#1).

## II. **LEGAL STANDARDS**

A motion to dismiss for lack of subject matter jurisdiction challenges the power and authority of the court to hear plaintiff's claims.  Stewart v. United States, 199 F.2d 517, 519 (7th Cir. 1952).  The party asserting jurisdiction has the burden of proof.  Thomson v. Gaskill, 315 U.S. 442, 446 (1942); see Thornhill Publ'g Co. v. General Tel. and Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  The court will presume it lacks jurisdiction unless plaintiff demonstrates otherwise.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  A challenge based on lack of subject matter jurisdiction may be made in two ways:  a facial attack based upon the allegations in the complaint and undisputed facts evidenced in the record where the allegations of the complaint are taken as true; or it may be made as a factual attack based upon extrinsic evidence where the court determines the facts for itself.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Meliezer v. Resolution Trust Co., 952 F.2d 879, 881 (5th Cir. 1992).

Federal courts require notice pleading.  A pleading must give fair notice and state the elements of the claim plainly and succinctly, showing the party is entitled

---

[2] Ms. Sajna declares that plaintiff's second claim was denied on "April 29, 2004." (Sajna Decl. ¶ 7.)  It appears from the exhibit and the record that the correct date is April 29, 2005.

to relief. Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986), dismissal denied, 487 U.S. 1215 (1988), aff'd, 488 U.S. 347 (1989). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990). Dismissal under Federal Rules of Civil Procedure 12(b)(6) is proper where the claim lacks either a cognizable legal theory or lacks sufficient facts to state a legally cognizable claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 782 (9th Cir. 1996); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim. Abramson, 897 F.2d at 391.

### III. **DISCUSSION**

Defendants contend that plaintiff's complaint should be dismissed for the reasons that: 1) the United States Forest Service and United States Department of Agriculture are not suable entities; 2) plaintiff did not file the complaint within six months after the denial of the claim and, therefore, the claim is forever barred; 3) plaintiff was not the owner of the real property and he may not maintain a action for damage to the real property; and 4) plaintiff is not entitled to recover punitive damages. Plaintiff has not file any formal response to plaintiff's motion to dismiss. However, the court file contains a letter dated March 21, 2006, from plaintiff

Findings and Recommendation - 4

addressed to defense counsel referencing this case, which defendants represent was received in response to defense counsel's attempt to resolve the matter through a Rule 7.1 conferral.  (Mot. Ex. A.)

Defendant first contends that plaintiff sued the wrong entities.  Under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq., the United States is the sole party against whom a plaintiff may bring suit for personal injuries arising out the negligence of its employees.  28 U.S.C. §§ 1346(b), 2679; Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984).  Here, it would be an easy matter to allow plaintiff to file an amended complaint substituting the United States as the proper defendant in place of the agencies sued.  The United States apparently had notice of plaintiff's claim and it does not argue otherwise.  See Allen, 749 F.2d at 1389 (amended complaint naming the United States relates back to filing of original complaint against federal agency); see also McDougal v. U.S. Forest Service, Civ. No. 99-1038-JO, Opinion and Order (#16), at 2 (D. Or. Jul. 31, 2001) (referencing minute order granting plaintiff leave to amend his complaint to name proper defendant).  Defendants' motion to dismiss on this ground should be denied.

Defendants contend that the court lacks subject matter jurisdiction over plaintiff's FTCA claim.  As a sovereign, the United States is immune from suit except as it consents to be sued.  Caton v. United States, 495 F.2d 635, 637 (9th Cir. 1974).  The FTCA, 28 U.S.C. §§ 2671 et seq., constitutes a waiver of the United

Findings and Recommendation - 5

States' sovereign immunity.  <u>Cadwalder v. United States</u>, 45 F.3d 297, 300 (9th Cir. 1995).  Therefore, the statutory requirements for pursuing a claim must be adhered to strictly.  <u>Id</u>.

    28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . . .

Therefore, before a plaintiff may commence suit in federal court under the FTCA, plaintiff must have exhausted administrative remedies by presenting his or her claim to the appropriate federal agency within two years after the claim accrues, and having the claim denied.  28 U.S.C. §§ 2401(b), 2675(a); <u>see</u> <u>McNeil v. United States</u>, 508 U.S. 106 (1993).  A claim is presented when the agency receives from the claimant an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for personal injury or injury to or loss of property alleged to have resulted by reason of the incident.  <u>Bailey v. United States</u>, 642 F.2d 344, 346 (9th Cir. 1981).  The administrative claim procedure is jurisdictional.  <u>Cadwalder,</u> 45 F.3d at 300; <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).  Therefore, an action against the

United States for money damages must be dismissed for lack of subject matter jurisdiction if a proper administrative claim has not been filed by plaintiff and denied by the agency. Avila v. I.N.S., 731 F.2d 616, 618 (9th Cir. 1984); see McNeil, 508 U.S. at 113.

Further,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Section 2401(b) "establishes two jurisdictional prerequisites: (1) timely notice of the claim filed with the responsible administrative agency; and (2) prompt prosecution of the claim once the agency notifies the claimant that it has denied administrative relief." Gibson v. Unites States, 781 F.2d 1334, 1343 (9th Cir. 1986); Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984) ("If either requirement is not met, suit will be time barred."); see Bond v. United States, 934 F. Supp. 351, 353 (C.D. Cal. 1996). Therefore, failure to comply with either requirement will result in dismissal of the complaint.

Defendant contends that plaintiff has not satisfied the second requirement-- that of filing his complaint within six-months of denial of his claim which occurred on April 9, 2004. In his complaint, plaintiff refers to the denial of his second claim

Findings and Recommendation - 7

as the jurisdictional basis for his complaint: he alleges that, "The jurisdiction presented for the court to consider this case is the same as offered in U.S.D.A. letter dated April 29, 2005, denying my tort claim," (Compl. at 1.)

Plaintiff argues in his March 21, 2006, letter to counsel that the claims are two different claims. As noted, plaintiff's first claim references "During Biscuit Fire," (Sajna Decl. Ex. 1). The first claim states that the basis of the claim is that a crew leader ordered a crew to purposefully burn and destroy his pipe and valves, "Some in a wet, green, spring seepage area that was safe and not in harms way." (Sajna Decl. Ex. 1.) Plaintiff claimed that his pipe was destroyed solely to make sure that it could not be used to mine. Plaintiff claimed property damage and personal agony, in the amount of $1,950.00. In his second claim, plaintiff references "During Florence/Biscuit Fire, (Sajna Decl. Ex. 3). He claimed that the basis of his claim is that the Forest Service was grossly negligent in its non-aggressive fire suppression, and that the Forest Service acted in an illegal and malicious manner in various instances by purposefully burning and destroying private property, mining claims and a beautiful historic mining ditch solely so it could not be used. Plaintiff claimed property damage and personal agony in the amount of $2,861.000.00. It seems clear that the claims referred to the same event.

The record shows that plaintiff's first administrative claim was denied on or about April 9, 2004. "When an agency properly mails a notice of final denial, the

Findings and Recommendation - 8

six-month statute of limitations, 28 U.S.C. § 2401(b), begins to run."  Lehman v. United States, 154 F.3d 1010, 1015 (9th Cir. 1998).  "[T]he six-month 'limitations period applies only when the agency has made a final disposition of the claim and notified the claimant by mail.  The six[-]month period does not begin to run until the agency has notified the claimant of a final denial in accordance with section 2401(b).'"  Id. at 1014 (quoting Parker v. United States, 935 F.2d 176, 177 (9th Cir. 1991)).

The purpose of the written denial is to provide an agency with certainty that it will not be subject to suit for liability after a definite date.  Lehman, 154 F.3d at 1014.  The Lehman court stated:

> Unless an agency can issue its notice of final denial and trigger the statute of limitations even after an action is filed, a claimant theoretically could file an action, voluntarily dismiss it, and then re-file it years later, when the incident has faded from witnesses' memories. Only by issuing a formal denial, whether within the six-month review period or not, can an agency protect itself "from any prejudice due to the staleness of the claim and the attendant loss of evidence."

Id. at 1015 (quoting Hannon v. U.S. Postal Serv., 701 F. Supp. 386, 389 n.7 (E.D.N.Y. 1988) (cited with approval in Parker v. United States, 935 F.2d 176, 177 (9th Cir. 1991)).  Although Lehman concerned a case where the claimants commenced an action in district court after the claim was deemed denied pursuant to statute, and prior to the time the agency issued a written denial, the same rationale applies here.  To hold otherwise would enable a claimant to continually file

successive tort claims, thus, defeating the time period set by statute for bringing an action against the United States for the negligence of its employees.

At the most, the second tort claim might be considered an amendment of the first claim; as such it might relate back to the first claim. However, once the six-month limitations period ran and jurisdiction was lost, it may not be reinvested by the filing a second or amended claim. See Fallon v. United States, 405 F. Supp. 1320, (D. Mont. 1976) (as applied to two-year limitations period); Lehman, 154 F.3d at 1014-15. Also, the fact that general counsel advised plaintiff in the April 29, 2005, letter of denial of his right to file suit in district court within six months of the date of letter does not change the outcome. "It is settled that federal employees may not by their actions estop the United States from asserting the lack of jurisdiction." Fallon, 405 F. Supp. at 1322 (citing Powers v. United States, 390 F.2d 602 (9th Cir. 1968); Pittman v. United States, 341 F.2d 739 (9th Cir. 1965)). Moreover, subject matter jurisdiction is at issue in all stages of a case and may be raised at any time. Moe v. United States, 326 F.3d 1065, 1070 (9th Cir.), cert. denied, 540 U.S. 877 (2003).

On this record, plaintiff had six months from April 9, 2004, to commence this action in district court. Accordingly, his complaint filed on October 28, 2005, is untimely, and the court lacks jurisdiction. Defendants' motion to dismiss on the ground of lack of subject matter jurisdiction should be granted.

Because the court has found that it lacks subject matter jurisdiction over this matter, defendants' other arguments need not be addressed.

## IV. FINDINGS AND RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#9) be granted, and that judgment be entered dismissing this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this ___5____ day of May, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE

Findings and Recommendation - 12